IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**JENNIFER REED**                                                                                        **PLAINTIFF**

v.                                                                                  CAUSE NO. 1:20cv254-LG-RPM

**WAL-MART STORES EAST,
L.P., and JOHN AND JANE                                                          DEFENDANTS
DOES A-D**

ORDER GRANTING DEFENDANT'S MOTION TO SET ASIDE
CLERK'S ENTRY OF DEFAULT, FINDING AS MOOT
DEFENDANT'S MOTION TO EXTEND ANSWER DEADLINE,
DENYING PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT,
AND DENYING PLAINTIFF'S MOTION TO STRIKE ANSWER

**BEFORE THE COURT** are the [6] Motion to Extend Answer Deadline and [12] Motion to Set Aside the Clerk's Entry of Default filed by Defendant Wal-Mart Stores East, L.P., as well as the [9] Motion to Strike Answer of the Defendant and [10] Motion for Default Judgment filed by Plaintiff Jennifer Reed.  The parties have fully briefed Wal-Mart's Motion to Set Aside Clerk's Entry of Default.  None of the other Motions have been fully briefed by the parties, but the deadline for filing additional briefs has expired.  After reviewing the submissions of the parties, the record in this matter, and the applicable law, the Court finds that Wal-Mart's Motion to Set Aside the Clerk's Entry of Default should be granted.  Wal-Mart's Motion to Extend Answer Deadline is moot.  Reed's Motions to Strike Answer and Motion for Default Judgment are denied.

## BACKGROUND

On August 5, 2020, Reed filed this lawsuit alleging that she slipped on an unidentified liquid and fell while shopping at a Wal-Mart store in Jackson County, Mississippi. The parties agree that Reed served Wal-Mart with process on August 21, 2020. Wal-Mart asserts that its attorney's filing clerk calendared its answer deadline incorrectly. Reed sought and obtained a clerk's entry of default against Wal-Mart on September 18, 2020. That same day Wal-Mart's attorney filed a [6] Motion to Extend Answer Deadline. Three days later, Wal-Mart filed an [8] Answer. Reed asks the Court to strike Wal-Mart's Answer and seeks a default judgment. Wal-Mart has filed a [12] Motion to Set Aside the Clerk's Entry of Default.

## DISCUSSION

"When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a). The court may set aside a clerk's entry of default for good cause. Fed. R. Civ. P. 55(c). To decide if good cause exists, courts consider three non-exclusive factors: "whether the default was willful, whether setting it aside would prejudice the adversary, and whether a meritorious defense is presented." *Koerner v. CMR Constr. & Roofing, L.L.C.*, 910 F.3d 221, 225 (5th Cir. 2018). "Defaults are generally disfavored. Unless it appears that no injustice results from the default, relief should be granted." *Id.* (internal citations and quotation marks omitted).

The default in the present case was unintentional, and Wal-Mart took swift action in an attempt to remedy the default.  Reed has not attempted to demonstrate prejudice, and the Court finds that she would not be prejudiced if the default were set aside.  Since this case has only been pending for three months, there is no indication that any evidence or witnesses have been lost as a result of the delay caused by Wal-Mart's default.  Finally, Wal-Mart has presented a meritorious defense by asserting that there is no evidence that it caused the spill or that it had actual or constructive knowledge of the spill.  *See Jacox v. Circus Circus Mississippi, Inc.*, 908 So. 2d 181, 184-85 (Miss. Ct. App. 2005) (holding that the plaintiff in a premises liability case must show either (1) that the defendant caused the dangerous condition, or, (2) if the dangerous condition was caused by a third person unconnected with defendant, that the defendant had either actual or constructive knowledge of the dangerous condition); *see also Stanley v. Boyd Tunica, Inc.*, 29 So. 3d 95, 97 (¶ 8) (Miss. Ct. App. 2010) (explaining that mere proof "of the occurrence of a fall on a floor within [the] business premises is insufficient to show negligence on the part of the proprietor.").  As a result, the clerk's entry of default must be set aside, and Reed's Motion to Strike Answer and Motion for a Default Judgment must be denied.  Wal-Mart's Motion for additional time to file answer is moot.

**IT IS THEREFORE ORDERED AND ADJUDGED** that the [12] Motion to Set Aside the Clerk's Entry of Default filed by Defendant Wal-Mart Stores East, L.P., is **GRANTED**.

**IT IS FURTHER ORDERED AND ADJUDGED** that the [9] Motion to Strike Answer of the Defendant and [10] Motion for Default Judgment filed by Plaintiff Jennifer Reed are **DENIED**.

**IT IS FURTHER ORDERED AND ADJUDGED** that the [6] Motion to Extend Answer Deadline is **MOOT**.

**SO ORDERED AND ADJUDGED** this the 23rd day of November, 2020.

s/ *Louis Guirola, Jr.*
LOUIS GUIROLA, JR.
UNITED STATES DISTRICT JUDGE